JWV/XOC March 2015
GJ# 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **STEPHANIE HICKS** | ) | |

## <u>INDICTMENT</u>

The Grand Jury charges that:

### <u>COUNTS ONE THROUGH EIGHT</u>
### [18 U.S.C. § 1344 – Bank Fraud]

At all times relevant to this Indictment:

### *Introduction*

1. The American Federation of Government Employees, Local No. 2207, AFL-CIO, Veterans Affairs Hospital, Birmingham, Alabama, ("Local 2207") is a local affiliate of the American Federation of Government Employees ("AFGE"). Local 2207's membership is made up of approximately 440 persons who primarily work for the Veterans Affairs Hospital that is located in Birmingham, within the Northern District of Alabama.

2. A core mission of AFGE and its Local 2207 is to promote the general welfare of its members. To that end, Local 2207 collects dues from its more than 440

members on a biweekly basis. Funds collected from Local 2207 members were maintained by Local 2207 in two bank accounts—a general operating account (ending in xxxx-1930) and a legal fund account (ending in xxxx-2159)—at Wachovia Bank, N.A. ("Wachovia"), later known as Wells Fargo Bank, N.A. ("Wells Fargo"). Both Wachovia and Wells Fargo were financial institutions insured by the Federal Deposit Insurance Corporation ("FDIC").

3. Defendant **STEPHANIE HICKS** was elected to serve as president of Local 2207 in or about July, 2007. She served in that role until in or about late July 2013 when Local 2207 held an election of officers, which Defendant **STEPHANIE HICKS** lost.

4. As president of Local 2207, Defendant **STEPHANIE HICKS** was the executive officer of Local 2207. She was responsible for exercising general supervision over the affairs of Local 2207 (including its financial affairs) and ensuring that she and other elected officers of the local complied with the responsibilities of their elected offices. She therefore owed a fiduciary duty to Local 2207 and was specifically charged with not engaging in business or financial activity that conflicted with her fiduciary obligations to Local 2207.

5. As president of Local 2207, Defendant **STEPHANIE HICKS** assumed responsibility for and control over the finances of Local 2207, including both the general operating bank account and the legal fund bank account.

*The Scheme and Artifice to Defraud*

6. Between from at least January 1, 2008, to on or about July 26, 2013, in the Northern District of Alabama and elsewhere, Defendant

**STEPHANIE HICKS**

did knowingly execute and attempt to execute a scheme and artifice to defraud Wachovia and Wells Fargo, and to obtain money belonging to, owned by, and under the care, custody, and control of said financial institutions, by means of materially false and fraudulent pretenses, representations, and promises.

*Manner and Means of the Scheme and Artifice to Defraud*

7. It was part of the scheme and artifice to defraud that the Defendant would and did use her position as president of Local 2207 to conduct unauthorized transactions to obtain money from both the Local 2207 general and operational account and the Local 2207 legal fund ("the Local 2207 accounts") which she used for her own personal benefit and for the benefit of others.

8. It was a further part of the scheme and artifice to defraud that the Defendant would and did conduct unauthorized transactions for her own benefit and for the benefit of others by writing checks to herself from the Local 2207 accounts for unauthorized travel expenses, for travel that did not take place, and for other reasons unrelated to Local 2207 business.

9. It was a further part of the scheme and artifice to defraud that when the Defendant would write checks to herself from the Local 2207 accounts that she would forge the signature of other officers and members of Local 2207. The Defendant would then use the proceeds for her own benefit and for the benefit of others.

10. It was a further part of the scheme and artifice to defraud that the Defendant obtained debit cards for each of the Local 2207 accounts without authorization from Local 2207 and made frequent unauthorized withdrawals of cash from the Local 2207 accounts, using the proceeds for her own personal benefit and for the benefit of others.

11. It was a further part of the scheme and artifice to defraud that the Defendant used the debit cards she obtained from the Local 2207 accounts without authorization from Local 2207 to engage in other unauthorized transactions for her personal benefit and for the benefit of others.

12. It was a further part of the scheme and artifice to defraud that the Defendant would frequently obtain money from the Local 2207 accounts by making "counter withdrawals" in which she would go to a Wachovia or Wells Fargo bank branch and make unauthorized withdrawals of cash from the Local 2207 accounts, and use the funds obtained for her personal benefit and for the benefit of others.

13. It was a further part of the scheme and artifice to defraud that the Defendant attempted to conceal that she was obtaining money from the Local 2207 accounts for her personal benefit and for the benefit of others by failing to document and maintain records for the unauthorized Local 2207 transactions, and by failing to seek and obtain approval for expenditures, as required by the Local 2207 constitution and bylaws and federal law.

14. It was a further part of the scheme and artifice to defraud that the Defendant attempted to conceal that she was obtaining money from the Local 2207 accounts for her personal benefit and for the benefit of others by filing Forms LM-3 Labor Organization Annual Reports that she knew contained false statements and representations of fact, and that she knew failed to disclose material facts.

15. It was a further part of the scheme and artifice to defraud that the Defendant obtained approximately $132,000.00 of funds belonging to Local 2207, and to which she was not entitled, for her personal benefit and for the benefit of others.

*Execution of the Scheme and Artifice*

16. The allegations of Paragraphs 1-15 of this Indictment are re-alleged for each of Counts 1-8 as though fully set forth therein.

17. On or about the dates listed below for each count, Defendant,

**STEPHANIE HICKS**,

executed and attempted to execute the scheme and artifice to defraud Wells Fargo as to material matters by writing unauthorized checks to herself, from the Local 2207 accounts, which she later cashed or deposited and used the proceeds therefrom for her personal benefit or for the benefit of others.

| Count | Date | Check No. (Acct. # xxxx-1930) | Amount |
|---|---|---|---|
| 1 | 08/06/12 | 5624 | $667.00 |
| 2 | 06/20/13 | 2578 | $675.22 |

| 3 | 06/20/13 | 2577 | $1,900.92 |
| 4 | 06/10/13 | 2576 | $710.00 |
| 5 | 06/08/13 | 2575 | $1,253.00 |
| 6 | 02/13/13 | 2535 | $689.00 |
| 7 | 04/04/13 | 2539 | $1,624.00 |
| 8 | 04/25/13 | 2540 | $2,560.00 |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS NINE THROUGH SIXTEEN
### [18 U.S.C. § 513(a) – Forged Securities]

18. The allegations of Paragraphs 1-17 of this Indictment are re-alleged as though fully set forth herein.

19. On the dates listed below for each count, within Jefferson County, in the Northern District of Alabama, and elsewhere, the Defendant

**STEPHANIE HICKS,**

did make, utter, and possess a forged security—the checks identified below for each count—of Local 2207, an organization which operates in or the

activities of which affect interstate commerce, with the intent to deceive another organization, Wells Fargo.

| Count | Date | Check No. (Acct. # xxxx-1930) | Amount |
|---|---|---|---|
| 9 | 08/06/12 | 5624 | $667.00 |
| 10 | 06/20/13 | 2578 | $675.22 |
| 11 | 06/20/13 | 2577 | $1,900.92 |
| 12 | 06/10/13 | 2576 | $710.00 |
| 13 | 06/08/13 | 2575 | $1,253.00 |
| 14 | 02/13/13 | 2535 | $689.00 |
| 15 | 04/04/13 | 2539 | $1,624.00 |
| 16 | 04/25/13 | 2540 | $2,560.00 |

All in violation of Title 18, United States Code, Section 513(a)

### COUNT SEVENTEEN
### [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

20. On or about June 20, 2013, within Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**STEPHANIE HICKS**,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of a person whose initials are J.L., during and in relation to the commission of the bank fraud that forms the basis of Count Three of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHTEEN
## [18 U.S.C. § 1028A(a)(1) -- Aggravated Identity Theft]

21.   On or about February 13, 2013, within Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**STEPHANIE HICKS**,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of a person whose initials are J.L., during and in relation to the commission of the bank fraud that forms the basis of Count Six of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT NINETEEN
## [18 U.S.C. § 1028A(a)(1) -- Aggravated Identity Theft]

22.  On or about April 4, 2013, within Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**STEPHANIE HICKS**,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of a person whose initials are J.L., during and in relation to the commission of the bank fraud that forms the basis of Count Seven of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).


A TRUE BILL


*/s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

JOYCE WHITE VANCE
United States Attorney


*/s/ Xavier O. Carter, Sr.*
XAVIER O. CARTER, SR.
Assistant United States Attorney